IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Tyesha Boyd and
Tyesha Boyd *as next friend to Siyani Boyd and Jelani Boyd*,

      Plaintiffs,

      v.

Ronnie W. Shelton,

      Defendant.

CIVIL ACTION NO.
1:09-cv-03502-JOF

**OPINION & ORDER**

This matter is before the court on the parties' consent motion to remand to state court [5].

Plaintiffs originally filed suit in the State Court of DeKalb County on October 29, 2009. The complaint states that on February 14, 2009, Plaintiffs' vehicle was struck by another vehicle being driven negligently by Defendant. Plaintiffs incurred medical expenses in the amount of $5,650. Docket Entry [1-2]. Plaintiffs' original complaint states that they are entitled to collect from Defendant "all of their damages" and requests that "judgment be entered for Plaintiffs and against Defendant in a reasonable amount . . . all cost be cast upon Defendant . . . [and ] that Plaintiffs' have such additional and further relief as this honorable Court deems fair, just, and equitable." *Id*. The complaint makes no explicit mention of

punitive damages or damages for pain and suffering, and it contains no other fixed sum beyond the $5,650 expended for medical care. Defendant removed to this court on the basis of diversity jurisdiction, on December 14, 2009. In Defendant's notice of removal, Defendant states that Plaintiffs are citizens and residents of Georgia, and that at the time the complaint was filed, Defendant was a citizen of Tennessee. D.E. [1-1]. With regard to the amount in controversy, Defendant only states that "Plaintiffs seek damages for medical bills, pain and suffering and other damages, and demand judgment against Defendant in sums in excess of $75,000, exclusive of interest and costs, according to pre-suit settlement demands." *Id*.

The motion currently before the court is a joint motion by the parties in which they request the present case be remanded. The motion notes that Plaintiffs filed an amended complaint in the State Court of DeKalb County on December 22, 2009, after Defendant removed. That complaint, which is attached to the motion, states that Plaintiffs are requesting $10,000 for Plaintiff Tyesha Boyd, $50,000 for Plaintiff Tyesha Boyd as next friend of Jelani Boyd, and $10,000 for Plaintiff Tyesha Boyd as next friend of Siyani Boyd, for a total of $70,000. D.E. [5-2]. Plaintiffs still request additional and further relief "as this honorable Court deems fair, just, and equitable." *Id*. Plaintiffs, however, have not actually filed an amended complaint with this court.

2

The parties' motion to remand also states that "Plaintiffs executed a Stipulation as to Damages memorializing Plaintiffs' agreement that the total amount claimed against Defendant, and any amount that may be recovered, does not exceed $75,000." D.E. [5-1], at ¶ 4. In the stipulation, Plaintiffs agree that their damages, including compensatory, special, general, and bad faith damages, as well as their attorneys' fees, do not exceed $75,000. D.E. [5-3]. Plaintiffs also stipulate that any jury instructions given in this case shall limit the jury so that no verdict exceeds $75,000 for all damages, and under no circumstances, will Plaintiffs try and collect from Defendant any amount over $75,000. *Id.* The parties contend that based upon this stipulation, the jurisdictional requirements under § 1332 are no longer met, and the case should be remanded.

A case can be removed from state to federal court if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). A federal district court may assert jurisdiction in a case involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a). Therefore, if the parties are diverse and the amount in controversy is sufficient, a defendant has the statutory right to remove an action to federal court. There is no dispute here that the parties are, or were at the relevant time, citizens of different states. The issue in the present case is the amount in controversy. Plaintiffs who do not want to resolve their claims in federal court have the option of suing for less than the jurisdictional amount and thereby preventing the

3

defendant from removing. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938). However, once a case has been removed, post-removal reductions in the amount of damages requested do not generally divest the court of diversity jurisdiction. *Id.* at 289-90. The removing defendant has the burden of establishing that the federal court has jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Where a plaintiff's state court complaint specifically claims less than the requisite jurisdictional amount in controversy, the defendant must prove to a "legal certainty" that the plaintiff will not recover less than the jurisdictional amount. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). However, "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000).

Normally, a plaintiff files a motion to remand and defendant then attempts to show that removal was proper. Here, however, Defendant has consented to remand and, therefore, the court only has the complaint and the notice of removal upon which to determine jurisdiction. From the face of Plaintiffs' complaint, the only specific amount listed is $5,650 of medical care. Plaintiffs' complaint mentions that Defendant caused Plaintiffs' injuries that resulted in the medical care as well as "other" damages, but Plaintiffs make no specific

4

mention of what those "other" damages are (e.g., punitive damages, damages for pain and suffering, etc.) or how much Plaintiffs seek. Furthermore, Defendant's notice of removal only states that the amount in controversy was met based upon "pre-suit settlement demands" made by Plaintiffs, and it is Defendant's burden to show that removal was appropriate. Based upon the complaint and the notice of removal, the court cannot say that a preponderance of the evidence shows that the amount in controversy more likely than not exceeds the requisite amount in controversy, much less that proper removal has been shown to a legal certainty. Jurisdictional uncertainties should be "resolved in favor of remand." *Burns*, 31 F.3d at 1095. Furthermore, while post-removal stipulation normally does not divest the court of jurisdiction, Plaintiffs here stipulate not only that all of their damages and attorneys' fees do not exceed $75,000, but also that jury instructions in the case will limit the jury so that no verdict exceeds $75,000, and that Plaintiffs will not seek to recover any amount in excess of $75,000 from Defendant.

The parties' motion to remand to state court is GRANTED [5].

**IT IS SO ORDERED** this 6th day of May 2010.

 /s  J. Owen Forrester  
 J. OWEN FORRESTER  
 SENIOR UNITED STATES DISTRICT JUDGE

5